The case of today will be 15-19-06, Labor Relations Division of the Construction Industries of Massachusetts, et al. v. Maura Healey. Good afternoon, Your Honors. If it please the Court, my name is James Grosso, and along with my partner, Linda Jones, we represent the petitioners in this case. The petitioners are six trade associations comprised of general and subcontractors who are parties to at least one collective bargaining agreement with a building trades union, and two individual contractors who are similarly situated. They filed this petition for declaratory judgment, seeking a decision, a determination by the lower court that the earned sick time law, which was passed by a referendum ballot almost two years ago now, that sick time claims were preempted by federal labor law, section 301, to the petitioners because they are governed by a collective bargaining agreement. The Attorney General filed a motion to dismiss the lower court, granted that motion to dismiss, and so doing, the court said that we had not properly incorporated the collective bargaining agreements into the complaint and that they were not central to the case, and she cited Freeman v. The Town of Hudson, which is a decision of this court in 2013. We believe, quite to the contrary, that Freeman actually supports our case, and five decisions since Freeman, supporting Freeman, also support our position. In the petition itself, collective bargaining agreements were mentioned in three separate allegations, and there was a footnote. In the prayer for relief, we requested that a declaratory judgment be issued that earned sick time claims were preempted to the petitioners because they were signatory to a collective bargaining agreement. Under Freeman, we have properly and appropriately referred to those agreements, and they are central to the case. The whole point of this case is the collective bargaining agreement. Do we have to refer to it and analyze it in order to determine whether someone is entitled to sick time? So it truly is the essence of the case. It's central to the case. We think that was error of the lower court to find that we had not appropriately incorporated them in the petition. When you say incorporated, there were a selective few that you attached. I believe we attached all 14. We certainly made reference to all 14. I think we did attach only the four or five where we reviewed those agreements in our memorandum and explained to the court why we thought they had to be analyzed versus simply referred to. So didn't the court find that it was problematic because it wasn't certain that those were representative of all of the collective bargaining agreements? She actually dismissed the collective bargaining agreements in their entirety. She said, I'm not going to look at them. She actually said, I'm not going to look at them because under Freeman they haven't been properly incorporated. Then she dismissed them as merely a catalog of wage rates. She said it was akin to her looking to sentencing guidelines to determine the term of a sentence. So she actually dismissed them. She said, I did not look at them and I won't refer to them. We think that was also an abuse of her discretion to do that because it clearly swayed her ultimate decision. If she had looked at those documents, she would have seen that they're much more than a catalog of wage rates. We've had situations occur since where we've had to interpret not the sick time provision, but whether or not holiday pay had to be paid to someone who called in sick the day after the holiday. Because the contract says if you don't work the day before and the day after the holiday, you don't get the holiday pay. So the issue had nothing to do with sick time. It had to do with holiday pay. We had a situation just 10 weeks ago with 31 workers called in sick the Friday before the 4th of July. The employer contacted me. He didn't ask if he had to pay them sick time. He said, isn't that a violation of the no strike clause? So we have to look at the collective bargaining agreement for more than just determining what the wage is. In some cases, it's like Rooley, which you've just decided three weeks ago, and Cavallaro that you have to actually see whether they're intended to be paid at all. Do you agree that the issue is whether every suit would require you to look at the CBA? We would agree that every state law claim would be preempted. That's correct, Your Honor. Okay, that's our position. Okay, and so we just accept that looking at five CBAs is not going to give us a huge amount of insight into that. Well, I think not looking at them at all gave the judge certainly not enough information upon which he predicted the termination that they're not relevant. Unless you can name suits that by their nature you can just see would not have anything to do with the CBA. Well, there was a stipulated agreement as to all aspects of it except for those issues not relevant to the CBA. It could be such a case. That's correct. Okay, so in that sense, whether they're in or out is unlikely to determine how to think about this case. Well, if you're conceding that every single case has to implicate the CBA and we can imagine some that don't. We could imagine some that don't, so is that not enough? Well, but we're looking at the whole scheme of federal preemption, and one of the other things she determined was you don't have a case of controversy in front of you. This is a rightness issue. And I say, quote, to the contrary, this case is very right for the determination. Can I ask you a question? Yes, you can. Let me ask you about the rightness because maybe it's a different way of getting at the same point. Let me just give you a hypothetical, and then I'm going to work back from that so I understand where we're coming from. If I'm an employer with thousands of employees and I have an employment contract with them that I think makes all of certain employment claims that they bring against me arbitrable, can I get a declaratory judgment from a court saying, I want you to determine now that this species of employment claims that I think they may one day bring are arbitrable? Certainly an employer could file for a declaratory judgment, but that situation, you think that would be right before any suit was filed? Actually, all of our contracts have arbitration procedures, and the federal courts defer to arbitration all the time. And that's a suit? That's for all employees? The first thing you plead is failure to exhaust your administrative rights. Before anything else, before a declaratory judgment, before any suit is filed against you, the employer can get a court to tell them that all future suits are subject to arbitration of a certain kind? I'm not sure because the collective bargaining agreement can enhance a state law benefit, but I'm not sure that it can waive a state law benefit. So maybe we could file, if someone goes to the Attorney General's office with a sick time claim, we could say you must refer to our arbitration clause, you're not allowed to make that claim under state law. We could try that. I don't think that answers my question. I'm trying to find out why this is right. And in general, it seems odd that an employer, before any suit has been filed, gets a court to tell them whether, if one's filed, it'll have to be arbitrated. And that, at most, is what you're asking us to do. It is, and the reason we think that it is right is because we are placing employers under this new law in a position where the only choice they have to challenge the law is to violate it. Unless we can go with a declaratory judgment, in my case with the Friday the 4th of July. If you get the judgment, the remedy you seek would simply mean it has to be arbitrated. At best. At best. At best. So all you're really asking us to do is tell you in advance, when a suit comes, you want to know that it has to be arbitrated. Why should we need to know that now? Well, that isn't the petition, though. That's not the petition that we filed. The petition we filed was, these claims are preempted by federal labor law. Which means, under our case law, one thing only, which is that, at most, it has to be arbitrated rather than going to court. It doesn't extinguish the claim. You can't make that argument under our precedent. We are not trying to extinguish the claim. That's correct, Your Honor. So you just want us to tell you in advance it has to be arbitrated. Why do we need to know that now? Because we have put employers in positions where they either had to challenge the law by not paying it and risk triple damages and attorney's fees, or pay it, even though you know, in this case, 31 people really were sick that day. Okay? So they don't file a claim. They just call in sick. We would have to actually claim that that was a violation of our collective bargaining agreement in order to get to arbitration. Somebody's got to claim a breach of the agreement. The best we could tell you is that you then have to go to arbitration. Why do you need to know that now? We need to know that now because we're forced to pay these claims before we will go to arbitration. Because the earned sick time law says if you don't pay it, you violate the law. Or you retaliate against them. But the judgment you're asking for us wouldn't tell you you don't have to pay it. It would just tell you if you don't pay it, it's going to be arbitrated. So why do you need to know that now? Because we would be back in this court. We would be back in this court. When the person filed a wage claim in the attorney general's office, we would have to remand that claim, which is only in agency now. It's not even in the superior court. We'd have to get that case brought here to force that claimant to go to arbitration instead of through the attorney general's office. I would like to give the rest of my time on the preemption argument to my partner, if it pleases the court. Is there no other questions? Thank you. Thank you. Good afternoon, Your Honor. Miranda Jones, also representing the petitioners. Just to follow up on what Attorney Glass has said, one of the things I would suggest is the exposure to the employer. One of the reasons why we sought this petition for declaratory judgment was, in fact, the exposure that the employers have should they fail to pay sick time. And it is substantial. Not only would they be looking at possibly mandatory travel damages and paying the cost of attorney's fees on behalf of the employee should they be found liable for failure to pay sick time. On the other hand, they could also be looking at enforcement action by the attorney general herself, which, as the law is currently written, it is a little unclear whether or not there's actually any criminal exposure for an employer. For example, the Earn Sick Time law made it clear that this would only apply, that the enforcement action by the attorney general's office would only be civil in nature. But under Mass General Law, Chapter 149, Section 27C, if you follow through what could happen with an employer under the civil enforcement action, should a citation issue against an employer and should an employer fail to pay it, or if the employer appeals it to administrative law hearing and loses and then fails to pay it, then the attorney general is empowered to then pursue the employer criminally. So although the intention of this ballot referendum that the Massachusetts voters voted for was only to make this civil enforcement action, if you really carry through the state law, the employers are looking at criminal enforcement as well. So the reason to file this petition prior to the law even going into effect was to determine what's the exposure for the employer and should these claims be preempted. What do you think that means if we said it was preempted? To me, it would mean that the state claims that cannot be pursued in state court, they would be moved to federal court, and in federal court it would be determined that there was complete preemption and therefore these needed to be handled through the arbitration process that is contained within the collective bargaining agreement. So in effect what you're just asking, you would like us to say in advance that even though these may be valid claims for which you have exposure, the right form is arbitration. And that's what I would suggest to you that the case law in this circuit tells us, is that this is where they belong as opposed to... So what case suggests that that's right before there's been any suit filed? Well, I would suggest for example the case of the Roman Catholic Bishop case in which the fact that the statute actually exists can put somebody at the risk of having an enforcement action against him. But the only thing that you're saying you're at risk from is not being in your chosen form. No, I would disagree with that. I thought we just established that the only thing that preemption would get for you would be to tell you which form the case would be heard in. But that doesn't... But under the arbitration procedures contained within the collective bargaining agreement, it doesn't call for mandatory double damages, for example. No one's saying that is what the employer is going to be exposed to if they arbitrate for a particular state law claim. Nor are they looking at enforcement action by the Attorney General's office, which empowers the Attorney General to not only demand wages, granted single wages, restitution, but also she can pursue civil penalties against the employer as well. And like all the other issues that are the employment conditions... If an arbitrator found that the employer had violated this law, are you saying that they would be exempt from the trouble damages of the arbitrator? Well, you know, I would suggest to you that under the private action statute, which would allow an employee to pursue mandatory trouble damages and attorneys against his employer, you're no longer in that purview because you are, in fact, in court pursuing a private action. Rather, you are pursuing your... The employee is pursuing remedies through the collective bargaining process through the arbitration provision that was written in there. And I think it would be, at this stage, unclear as to what the damages would be as opposed to just civil restitution damages. But there's nothing... This law says that the collective bargaining can afford more protections, but this establishes a base protection. So an employer, are you saying an arbitrator wouldn't be authorized to grant that? I would suggest to you there are several other state basic protections in the state law. Minimum wage is one, overtime is another. All of which have been negotiated amongst the contractors and the unions. Various aspects of the state law guarantees a minimum, but the collective bargaining process can allow greater than that. And so just like with the state minimum wage, just like with the overtime statute, it could be understood that the parties have to allow for set time because that's what the law allows for, but you could be negotiating other rights for the employer, which is decided in the collective bargaining process. It happens all the time. But that's different from the ability of an arbitrator to award a remedy in conformance with state law. Right, and that's true, but that could be something that could be negotiated between the parties if given the opportunity to do so. For example... If they could be negotiated, we're talking about what people have the authority to give. So as long as the parties understand during the collective bargaining process what the state minimum is that's required, then they can negotiate how they want to see a remedy come about, whether it's through the arbitration process, because that's what we have, and what the possible remedies are. So as long as we don't go below what the state minimum is, that being said, your mandatory trouble damages only occurs in a private right of action, and only if the employee wins. But could an arbitrator conclude, if he decided that the issue was subject to arbitration, that the remedy is trouble damages? I would suggest that remains to be seen. And wait out. Does your rightness argument depend on us concluding that that would be an impermissible remedy? Well, the private right of action statute is not being followed... That's not what I asked. For your rightness argument to work, do we have to conclude that arbitration would free the employer from the trouble damages remedy? No, I would say no. Okay, so how can it be right if we then assume as... Given that answer, we have to then assume that trouble damages would be available in arbitration just as it's available in court. And given that, how is the case right? Because the fact that the statute exists, the case is... The statute exists either way. If we give you a judgment of the kind you asked, the first line could be, the statute exists. The only thing you're asking for us to tell you is that there's preemption, which means either that it's a case that has to be heard in federal court or in state court subject to federal common law rules or ultimately arbitration. But none of those extinguish the obligation to comply with the statute. They just tell you what forum you're in. But I'm suggesting that the law in this First Circuit states that the state claim wouldn't have to be completely preempted. Which means it gets to be heard in federal court. It gets heard in federal court. And then if there's an arbitration provision that governs, it's arbitrated. It does not mean that the claim doesn't exist. And I'm not suggesting that the claim doesn't exist. In fact, just in the word decision that was decided, if there was judgment on the proceedings, meaning that this matter, these nurses who filed suit, had to, in fact, pursue it through the arbitration process. And when you're sued, you could rely on that case to get it arbitrated. The question is, why do you need to know now that if you're sued, it will be arbitrated? What is the reason that puts a hardship on you that requires us to, in advance of any suit being filed, decide the case? Because you would. Because the mere existence of the statutes puts all employers at risk, whether or not they are facing management-friendly damages or enforcement action by the Attorney General's office. And therefore, under the Roman Catholic Bishop case, I would suggest, is narrowed this year. And that's why it's ripe for decision. Thank you all very much for your time. Thanks. May it please the Court. I'm Pierre Secore, Assistant Attorney General for the Defendant Attorney General of Massachusetts. I am taking a little different perspective on the plaintiff's claims and what they're claiming here. As I've always understood this case, they're not simply seeking permission to go to arbitration or advanced ruling, or whether you do it in this form or that form. They want to extinguish this claim altogether, particularly by not having it judicially enforceable. Their biggest goal is to prevent the Attorney General from being able to file public enforcement actions on this very important state statute. One thing that should be made crystal clear is that arbitration is a matter of contract. If you have not agreed to arbitrate, you cannot be required to arbitrate. The Attorney General is not a party to any private collective bargaining agreement between a private employer and a private employee. The Attorney General has not agreed to arbitrate any of it because the Attorney General is not a party to it. So their main goal, again, is to disable the Attorney General, defame the Attorney General for being able to enforce this statute. Whether or not arbitration might or might not occur in other contexts has no bearing on the Attorney General's ability to enforce this law. Can I ask you about that on the first... There's two counts, or two paragraphs, where they describe the judgment they want. One of which is a declaration that you can't bring your enforcement action and the other is that you can't grant a private right of action. So I take it the second one is the one that relates to all the actions not involving the Attorney General's enforcement. Yes, and it's actually on a mistaken premise that we don't have the right to grant the authorization to proceed. The way the state statute works is, yes, they have to initially file the complaint with us and then they have to wait 90 days to pursue their claim unless we give them authorization to file earlier. So most of the power the Attorney General has over private claims is the ability to let them go forward a little bit farther. So to the extent they are here with us as the sole defendant trying to knock out private employees from being able to make private claims and not even parties in the case, I think it's just fundamentally unfair. One way to look at this case is the approach the district court did starting with the question, what type of claim? Is this facial or is this as applied? They've never identified which one it is. The United States and we agree that it clearly qualifies as facial. The Supreme Court says if the relief sought goes beyond the circumstances of the particular plaintiffs, if it reaches beyond that, it's facial to the extent of that reach. They're seeking an across-the-board ruling that no employee or the Attorney General acting on the employee's behalf can pursue what now if they're in appellate brief they call a wage claim. It's basically a claim when the employer simply hasn't paid the employee under state law that no claim can be made for that because of preemption. Back up on the rightness issue, which is jurisdictional, so we have to figure it out. If I understand what you're saying, their claim is even though there is a state law claim in place that could be brought, right, that they're obliged to follow the sick time law and this is what they seem to be saying to us today, and there's nothing in our precedent that would extinguish that claim. At most, it would just subject it to arbitration. They're arguing that you can't bring, the Attorney General can't bring, an enforcement action under the statute because of this obligation to arbitrate. Now, you could contest that and you say they've got it wrong, et cetera. We have no obligation, but I still want to address the threshold question. At most, then, they're saying, are they saying that you can never bring the claim or are they saying that if you bring the claim, it would have to be arbitrated? I think it's the former and I think it's the former as regards any private employee. Now, if it's the former, just again on the rightness, since they're conceding that the state law claim could be brought by private people against them, at most all they'd be trying to get a declaration is that the AG couldn't enforce it. But the AG hasn't enforced it yet, so why is it right for them to get in advance a statement that you can't enforce it against them when they're not contesting that they're subject to the obligations of the state law? We've taken different positions on rightness based on whether it's a facial or as applied. We vigorously contest that if it's an as applied claim, that it's not right because as the district court correctly held, it's quintessentially hypothetical. There are any number of scenarios. It's just back to my question. Since we've established that their argument is you can't bring an enforcement action, they're not arguing that the state law does not exist. They concede that a private employer who brings it might be subject to arbitration on the claim, so they're still obliged to comply with the sick time law. So since you haven't brought an enforcement action, why is it right for them to get a declaratory judgment about the extent of your authority in advance? What hardship do they suffer? I guess they've been characterizing their claim throughout the case, in their brief, and even in their oral argument. The way you've just characterized it is nothing I've read in any of their papers. But if it were, to the extent it can be characterized as a facial claim, then traditionally a facial claim nearly can be right at the time. But all they're objecting to is one actor enforcing it, rather than the thing being enforced at all? They're saying we can't enforce that under any set of circumstances. But other people could. But that's where the Supreme Court, in the John Doe decision, decided when you're attempting a facial claim, it's not solely where you strike to have the statute stricken as regards everyone. It's as regards even a part of it, if the relief slot goes beyond that. That's a different question. That's a part of the law. This is a question about who gets to enforce the law. They want us to decide today whether a particular actor can enforce the law, even though the law could be enforced by others. Not just which part of the law could be enforced at all. All of it can be enforced. They say one actor, you, can't enforce it. And I'm curious why that's right now. On the premise that they're saying private claims, that's utterly contrary to the relief. What they want is all the private claims, too, to be dismissed. Dismissed and then subject to arbitration, right? If arbitration exists, we don't know. The main object under these 301 cases that employers have been pressing so hard is simply to get the state law claim out. Whether it goes to arbitration or not, we don't know. And that's particularly because a lot of times under Caballero, the only ground we have for dismissing is if we say it would be subject to arbitration. It has to be available through the arbitral process. That's what Caballero holds, I trust. If you all initially have... So that's the only claim they could be making about preemption. There is no argument here that this is an absolutely unenforceable claim. I thought. That's not how I've read their brief or their entire theory of the case. We viewed their Charter Review Section 301 as a backdoor way of getting preemptions that they can't get under the National Labor Relations Act, given the unique nature. We think it's totally a misuse of 301. It doesn't apply. You have to wait for the individual case. And we say that. The extent that the district court viewed it as a facial claim. So you look to the... Is there any set of circumstances? But they're going far beyond what they're seeking. If you look at the brief, it's far more than simply we have to go to arbitration, give us that advice in advance. They want to not have to deal with the state law at all. That's particularly true when you're given most of the claims where this comes up. It's not that they're seeking to do something that's under a collective bargaining agreement and we're using this claim as a way of disguise and attempting to go directly to collective bargaining. I'm sorry, to avoid having to do that. So basically doing a state law claim where there may be some subsidiary issue that bears on the collective bargaining agreement and saying that is enough to hijack the whole thing and to throw it out. That's what they oppress. We think it's utterly contrary to their theory, particularly to get this kind of result in advance against all claims. So again, I'm just hearing how it's being portrayed. We're happy to accept that if that's there, particularly since as regards to the Attorney General, we didn't arbitrate. It has no bearing upon us. And even as to the ability to go against the other private defendants getting an anticipatory ruling, I point the court to our footnote in our brief, page 31, footnote 13, where we know that the actual four collective bargaining agreements that they have submitted, they limit what can be arbitrable to simply reaches to the collective bargaining agreement and an issue under the collective bargaining agreement. They don't go beyond to any and all types of state law claims. So even on the premises, it appears to have been reformulated in their argument. I would say it's not available to them because of their own CBAs. Those are limited to the collective bargaining agreements, not to claims under state law. Thank you. May it please the Court. Lindsay Powell for the United States. This is Amicus Curiae. There is no precedent for bringing this type of claim that broadly asserts the preemptive effect of 301 against the state law in this context. Plaintiffs cite, when it comes to ripeness, cases arising in other contexts where in general you might be able to have a pre-enforcement challenge for the reasons they cite, but they don't point to anything in this context where you have a case that presents anything but an already developed individualized claim in cases both in this Court and the Supreme Court that has consistently been how the Court's analysis has proceeded. And by necessity, you can't answer the Section 301 question without knowing what form the claim is going to take, what factual circumstances are presented, and what particular CBA terms are going to be encountered. This Court's recent decision in Raleigh v. Bay State Health, I think underscores that point, because there, in concluding that the particular Wage Act claim presented was preemptive and needed to go to arbitration, the Court noted that the same claim presented on different factual allegations might not produce the same result. So there, the plaintiff's claim depended on the employer's constructive knowledge, and the Court explained why the constructive knowledge inquiry would likely require reference to the collective bargaining agreement. But it also explained that an actual knowledge theory would not require the same reference and would not result in the same outcome there. So as that case and others made clear, Section 301 preemption applies to individual claims, not entire laws, as plaintiffs seek to assert it here. And that's consistent with what the Supreme Court has said over and over again, that 301 cannot be read to broadly preempt non-negotiable rights conferred on individual employees by state law. And I think that gets at some of the confusion that we've seen here today, which is what exactly is the relief that plaintiffs are seeking. I had also understood plaintiffs to be arguing for an extinguishment of the state law right, which, as an artist's note, is not what 301 provides for. That is not an option. The case law makes clear that that's not an option. And so if that's, in fact, what they're arguing, that disposes of the case. It does now seem that they might be trying to argue for something else. I'm not sure they can shift gears at this point. But even from what I heard today, it sounds like they might actually be arguing for the extinguishment of certain remedies or certain parts of the claim, which, again, is not how this is supposed to work. But the Court need not get into those somewhat murkier questions of what's presented because this case can be very simply resolved just on the total lack of precedent for presenting a Section 301 claim in this way, stating it so broadly to challenge claims that have not yet materialized and have not been presented before the Court. Our brief primarily presents this as a merits analysis, as a basis for concluding that the plaintiffs have failed to state a claim. But there is also some authority for looking at that under a rightness heading. And I think the Wisconsin Central case out of the Seventh Circuit presents that. So we haven't endeavored to point to one concluding over the others. Your Honor, no, this is, of course, jurisdictional. But the analyses of both substantially overlap in these particular circumstances. Very briefly, on the- Can I just ask, do you have a view as to whether- the rightness argument gets marginally stronger for plaintiffs if they're asking for the claim to be extinguished? If they're not asking for the claim to be extinguished, how could it be right? I don't think it is right, Your Honor. I think in either scenario it's not right. You're saying because we would have to parse each claim and understand. But I guess I'm asking something a little bit separate. Even apart from that, what's the- if all you're trying to do is figure out whether you have to arbitrate something, is there any precedent for saying that in advance you can get a court to tell you as a group whether a whole species of claims are or are not subject to arbitration? I am aware of no precedent. Plaintiffs have cited none here. And I do think that there is- it's not precisely important. But in the Wisconsin Central opinion, in talking about the hardship aspect of the rightness inquiry, the Seventh Circuit does touch on what the relevant hardship is. I do think that has some bearing on the answer to your question. Just very briefly, with respect to the sort of spatial inquiry and plaintiff's concession, I think that they would have to prove that every claim in this universe would be preempted. We don't know in this case, because of the way the facts are not yet developed, whether any claim would be preempted, whether there is any claim out there under the sick leave law that would actually implicate the type of CBA analysis with which Section 301 is concerned. But as the district court noted, there are many claims that we know that do not implicate that analysis, and those are set forth in her opinion. Can I ask you one question on the facial challenge aspect of this, which may not be relevant to the outcome of this particular case, but just about how we decide the issue of other cases, and what we say in connection with this case? The plaintiffs rely on Reed, and the AG's office seems to accept that Reed allows you to characterize as a facial challenge something that doesn't cover the whole law. Reed was a First Amendment case, and in the case they cite it looks like it's an over-breath case. Is there any precedent for suggesting that you can get out of the Salerno, all circumstances, by simply as plaintiff characterizing your relief, not to cover the entire statute, but just a piece of it of your choosing? Does the government have a view about whether that's appropriate to treat that as a facial challenge? We haven't taken a position on that in the brief, Your Honor. I would say in this case, because of the nature of the Section 301 inquiry, I don't think it's necessary for the court to even engage that question and to cite Salerno, because we know what 301 requires, and that is the type of particularized inquiry that we've seen in all of this court's decisions, in all of the Supreme Court cases. I think that provides a tidy way of avoiding, again, potentially more difficult questions about the precise scope of Salerno, which I think even the Supreme Court acknowledges is a somewhat unclear and shifting doctrine. Thank you.